UNITED STATES of America,
Plaintiff–Appellee,

v.

Michael Donell KING, Defendant–
Appellant.

No. 91–7690
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Sept. 22, 1992.

John Robbins, Birmingham, Ala., for de-
fendant-appellant.

Frank W. Donaldson, U.S. Atty., James
A. Sullivan, Asst. U.S. Atty., Dept. of Jus-
tice, Birmingham, Ala., for plaintiff-appel-
lee.

Before ANDERSON, EDMONDSON,
and COX, Circuit Judges.

PER CURIAM:

Appellant, Michael Donell King, pled
guilty to possession with intent to distrib-
ute cocaine base in violation of 21 U.S.C.
§§ 841(a)(1) and 841(b)(1)(A)(iii), and to us-
ing and carrying a firearm during the com-
mission of a felony in violation of 18 U.S.C.
§ 924(c)(1). He was sentenced to 130
months imprisonment on Count I, and 60
months on Count II, to be served consecu-
tively. On appeal, he argues that the Unit-
ed States Sentencing Guidelines' penalty
for possession of cocaine base (crack), as
applied, violates the Constitution's equal
protection guarantee. We disagree; ac-
cordingly, we affirm the district court's
order.

Because King's crime involved 135
grams of cocaine base, the district court
found that under § 2D1.1(c)(6) of the Sen-
tencing Guidelines, the possession count
constituted a level 32 offense. King re-
ceived a two-point reduction for acceptance
of responsibility, ending up at level 30 with
a sentencing range of 121 to 151 months.
Under § 2D1.1(c)(13), possession with in-
tent to distribute 135 grams of powder
cocaine is a level 18 offense. Had King
received the same two-point reduction for
acceptance of responsibility, he would have
ended up at level 16, with a sentencing
range of 27 to 33 months.

King argues that the wide disparity in punishments for crimes involving crack cocaine and those involving powder cocaine violates the Constitution's guarantee of equal protection in that it has a discriminatory impact on black persons. King argues that crack cocaine is predominantly used by blacks, and that powder cocaine is predominantly used by whites.[1] Thus, he argues that blacks are punished much more severely for using cocaine than are whites.

The parties agree that the appropriate level of scrutiny is the rational basis test, since King has not alleged a discriminatory intent on the part of Congress. Thus, we apply the rational basis test.[2]

 To pass the rational basis test, the legislation must have a legitimate purpose, and it must have been reasonable for lawmakers to believe that the use of the challenged classification would promote that purpose. *Western & Southern Life Insurance Co. v. State Board of Equalization,* 451 U.S. 648, 668, 101 S.Ct. 2070, 2083, 68 L.Ed.2d 514 (1981). We readily conclude that the sentencing scheme in question withstands scrutiny under the rational basis standard. The fact that crack cocaine is more addictive, more dangerous, and can be sold in smaller quantities than powder cocaine is sufficient reason for Congress to provide harsher penalties for its possession. *United States v. Watson,* 953 F.2d 895, 898 (5th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 1989, 118 L.Ed.2d 586

(1992). *See also United States v. House,* 939 F.2d 659, 664 (8th Cir.1991); *United States v. Thomas,* 900 F.2d 37, 39 (4th Cir.1990); *United States v. Cyrus,* 890 F.2d 1245, 1248 (D.C.Cir.1989).[3]

AFFIRMED.

1. King has presented no evidence to support his claim, although he points to statistics utilized by the Minnesota Supreme Court in *Minnesota v. Russell,* 477 N.W.2d 886 (Minn.1991). In that case, the trial court found that in 1988, 96.6% of all persons charged with possession of cocaine base in Minnesota were black, and that 79.6% of persons charged with possession of powder cocaine were white. For the purposes of argument, we will assume that the statistical data gathered in Minnesota is similar to that which would be found in this circuit.

2. The other circuits that have addressed this issue have applied the rational basis test. *See United States v. Watson,* 953 F.2d 895, 898 (5th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 1989, 118 L.Ed.2d 586 (1992); *United States v. House,* 939 F.2d 659, 664 (8th Cir.1991); *United States v. Thomas,* 900 F.2d 37, 39 (4th Cir.1990); *United States v. Cyrus,* 890 F.2d 1245, 1248 (D.C.Cir.

1989). *See also United States v. Solomon,* 848 F.2d 156, 157 (11th Cir.1988) (no heightened scrutiny of mandatory minimum sentence for possession of cocaine base with intent to distribute because § 841(b)(1) does not discriminate on the basis of a suspect classification or a fundamental right).

3. King also argues that the state and federal law enforcement agencies engaged in "de facto" sentencing, violating his right to due process. King contends that state criminal charges against him were dismissed in favor of prosecution in federal court, where the sentences for crimes involving crack cocaine are much harsher than in state court. King was charged with violations of both federal and state law. Because he could have been prosecuted in both state and federal court, we cannot conclude that his rights were violated because he was prosecuted only in federal rather than state court.