[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 1, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-10647
Non-Argument Calendar

_____

D. C. Docket No. 05-00404-CR-T-24-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM D. COOK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(August 1, 2007)**

Before ANDERSON, BIRCH and WILSON, Circuit Judges.

PER CURIAM:

William Cook appeals his 235-month sentence for distribution of cocaine

base, in violation of 21 U.S.C. § 841. On appeal, Cook makes two arguments.[1]

First, he argues that the imposition of harsher sentences for crack cocaine as opposed to powder cocaine is fundamentally unfair, without rational basis and discriminatory in its application. Cook raises this argument for the first time on appeal and therefore, we review only for manifest injustice or plain error. *See United States v. Mahique,* 150 F.3d 1330, 1332 (11th Cir. 1998). We have previously held that a sentencing scheme providing for harsher penalties for cocaine base than for powder cocaine is constitutional. *United States v. King*, 972 F.3d 1259, 1260 (11th Cir. 1992). As such, we find that the district court did not err in its sentencing calculation.

Second, Cook argues that the sentence imposed by the district court was greater than necessary and unreasonable. When, as here, the district court correctly calculates the Sentencing Guidelines and indicates that it has considered the factors set forth in § 3553(a), our review of the final sentence is for reasonableness. *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is

---

[1] Cook also lists the issue of whether the district court erred in failing to grant "an additional" downward departure based on the over-representation of his criminal history. However, he fails to present any arguments regarding this issue. Accordingly, he has waived the issue. *See* Fed. R. App. P. 28(a)(9)(A); *Transamerica Leasing, Inc. v. Inst. of London Underwriters,* 430 F.3d 1326, 1331 n.4 (11th Cir. 2005).

unreasonable in the light of both [the] record and the factors in section 3553(a)." *Id.* at 788. We find that Cook has failed to satisfy this burden with regard to his final sentence, which was 57 months below the low end of the guideline range. Accordingly, we affirm.

**AFFIRMED**