[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-11295
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 31, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00023-CR-CAR-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEON JACKSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(March 31, 2009)

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Leon Jackson, a federal prisoner convicted of a crack cocaine offense, appeals the district court's denial of his motion to reduce his sentence under Guidelines Amendment 706, filed pursuant to 18 U.S.C. § 3582(c)(2), and its

subsequent denial of his motion for reconsideration. On appeal, Jackson argues that the 100-to-1 disparity between crack and powder cocaine sentences is arbitrary, irrational, and an unconstitutional violation of his due process and equal protection rights under the Fifth and Fourteenth Amendments. After careful review, we affirm.

In a § 3582(c)(2) proceeding, we review de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines. United States v. Moore, 541 F.3d 1323, 1326 (11th Cir. 2008), cert. denied, McFadden v. United States, 129 S.Ct. 965 (2009), cert. denied, No. 08-8554, 2009 WL 301854 (U.S. Mar. 9, 2009). We review the denial of a motion to reconsider for an abuse of discretion. United States v. Simms, 385 F.3d 1347, 1356 (11th Cir. 2004).

Section 3582(c)(2) of Title 18 forbids a court from modifying a term of imprisonment once it has been imposed except "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). In that case, a district court may reduce the term of imprisonment after it considers the factors in 18 U.S.C. § 3553(a) to the extent they are applicable, if the reduction is consistent with the applicable policy

statements of the Sentencing Commission. 18 U.S.C. § 3582(c)(2). The applicable policy statement provides that if a defendant's guideline range has "subsequently been lowered as a result of an amendment to the Guidelines Manual listed in [U.S.S.G. § 1B1.10(c)], the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)" and "any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement." U.S.S.G. § 1B1.10(a)(1).

The commentary to U.S.S.G. § 1B1.10 instructs that a reduction under § 3582(c)(2) is not authorized when "an amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10, cmt. n.1(A); see also Moore, 541 F.3d at 1328 (holding that, while Amendment 706 was applicable to the defendants in question because it reduced their base offense levels, a reduction was not authorized because the amendment did not have the effect of lowering their applicable guideline ranges because of the application of the career offender guideline).

A term of imprisonment to the applicable statutory mandatory minimum, resulting in a sentence that was ultimately based on something other than the

offense level calculation under U.S.S.G. § 2D1.1, precludes a sentence reduction under § 3582(c)(2). United States v. Williams, 549 F.3d 1337, 1342 (11th Cir. 2008). This is so even if a substantial assistance departure below this mandatory minimum was granted. Id. The Supreme Court has held that, when determining to what extent to vary from the guidelines based on a disagreement with the crack/powder ratio, the district court remains "constrained by the mandatory minimums Congress prescribed." Kimbrough v. United States, 128 S. Ct. 558, 574 (2007).

Amendment 706, which was effective on November 1, 2007, reduced the base offense level for crack cocaine offenses by two levels. See U.S.S.G. App. C, Amend. 706. Amendment 706 is listed in U.S.S.G. § 1B1.10(c), and therefore, it applies retroactively. See U.S.S.G. § 1B1.10(c); U.S.S.G. App. C, Amend. 713; United States v. Stratton, 519 F.3d 1305, 1307 (11th Cir. 2008) (noting that Amendment 706 is retroactively applicable).

The Guidelines provide:

In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline

provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

U.S.S.G. § 1B1.10(b)(1). "Thus, a district court may not reconsider any of its original sentencing determinations other than the provision subject to the amendment." United States v. Williams, __ F.3d __, No. 08-11361, manuscript op. at 5 (11th Cir. Feb. 9, 2009).

Moreover, we have held that § 3582(c)(2) does not permit the district to consider the defendant's sentence de novo and that "[a]ll original sentencing determinations [must] remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing." United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005). We have specifically held that constitutional challenges to a defendant's sentence are the sort of "extraneous" issues that are not cognizable under § 3582(c)(2) and must be pursued through a 28 U.S.C. § 2255 motion to vacate. United States v. Bravo, 203 F.3d 778, 781-82 (11th Cir. 2000) (upholding a district court's finding that it had no jurisdiction in a § 3582(c)(2) proceeding to consider the defendant's claim that his sentence constituted cruel and unusual punishment). Additionally, we have held that the sentencing disparity between crack and powder cocaine offenses does not violate equal protection. United States v. King, 972 F.2d 1259, 1260 (11th Cir. 1992).

5

As applied here, because we have specifically held that constitutional challenges to a defendant's sentence are the sort of "extraneous" issues that are not cognizable under § 3582(c)(2), see Bravo, 203 F.3d at 781-82, the district court correctly found that a § 3582(c)(2) resentencing hearing was not the proper forum for Jackson's constitutional arguments. For this reason, the district court did not abuse its discretion when it denied Jackson's motion for reconsideration. Simms, 385 F.3d at 1356. The district court also properly found that Jackson's sentence was ultimately based on something other than the offense level calculation under § 2D1.1 -- since he was sentenced to a statutory minimum mandatory sentence of 120 months of imprisonment -- thus precluding a sentence reduction under § 3582(c)(2), even in light of his substantial-assistance departure. U.S.S.G. § 1B1.10, cmt. n.1(A); see also Williams, 549 F.3d at 1342; Moore, 541 F.3d at 1328. Furthermore, we previously have rejected the argument that the crack/powder cocaine sentencing disparity violates the Equal Protection Clause, see King, 972 F.2d at 1260, and this is still the law after Kimbrough. Accordingly, we affirm.

**AFFIRMED.**