[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 9, 2010
JOHN LEY
CLERK

No. 10-10316
Non-Argument Calendar
_____

D. C. Docket No. 8:09-cr-00114-VMC-TGW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RIKKY ALAN JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 9, 2010)

Before BLACK, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Rikky Alan Johnson appeals his 60-month sentence for possession with

intent to distribute 5 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii). He concedes that the sentence he received is the statutory mandatory minimum required by § 841(b)(1)(B)(iii) but contends that the statute is unconstitutional because the sentencing disparity between cases involving powder cocaine and those involving crack cocaine, which is effected by the statute, violates equal protection principles. The parties disagree about whether Johnson properly preserved this issue in the district court, but that does not matter.

Under 21 U.S.C. § 841(b)(1)(B)(iii), a defendant who is convicted of possessing with intent to distribute at least five grams of a mixture or substance containing crack cocaine must be sentenced to at least five years' imprisonment. A defendant must be convicted of possessing with intent to distribute at least 500 grams of a mixture or substance containing powder cocaine to be subject to the 5-year mandatory minimum. 21 U.S.C. § 841(b)(1)(B)(ii). "[T]he district court remains bound by statutes designating mandatory minimum sentences even after the remedial holding of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)." *United States v. Castaing-Sosa*, 530 F.3d 1358, 1362 (11th Cir. 2008).

We have held that the sentencing disparity between crack cocaine and powder cocaine offenses created by the enactment of § 841 does not violate the

Equal Protection Clause, even though the statute has a disparate impact. *United States v. Byse*, 28 F.3d 1165, 1168-70 (11th Cir. 1994); *United States v. King*, 972 F.2d 1259, 1260 (11th Cir. 1992) (holding that a disparate impact alone was insufficient to establish an equal protection violation and that § 841 was subject to rational-basis review); *see also United States v. Butler*, 102 F.3d 1191, 1194-95 (11th Cir. 1997) (holding that the 100:1 sentencing disparity between crack cocaine and powder cocaine offenses in the Sentencing Guidelines does not violate a defendant's equal protection rights). Furthermore, in addressing the enactment of § 841, we have held that, under rational-basis review, "[t]he fact that crack cocaine is more addictive, more dangerous, and can be sold in smaller quantities than powder cocaine is sufficient reason for Congress to provide harsher penalties for its possession." *King*, 972 F.3d at 1260; *Byse*, 28 F.3d at 1170-71. We remain bound by those prior panel precedents. *See United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008), *cert denied*, 129 S.Ct. 2825 (2009) (quotation omitted).

**AFFIRMED.**