[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 07, 2011
JOHN LEY
CLERK

No. 10-10347
Non-Argument Calendar
_____

D.C. Docket No. 1:08-cr-00404-RWS-GGB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER MICKENS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(January 7, 2011)

Before MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Christopher Mickens appeals his convictions and 300-month total sentence for

possession with intent to distribute 50 or more grams of cocaine base, in violation of

21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii) and 851 ("Count One"); possession with intent to distribute 500 or more grams of cocaine, in violation of §§ 841(a)(1), 841(b)(1)(A)(ii) and 851 ("Count Two"); possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c) ("Count Three"); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) ("Count Four"). On appeal, Mickens argues that the district court (1) erroneously denied his challenge, pursuant to J.E.B. v. Alabama ex rel T.B., 511 U.S. 127 (1994), to the government's allegedly gender-conscious peremptory strikes; (2) abused its discretion in admitting his prior drug convictions as Fed.R.Evid. 404(b) evidence and denying his motion to sever the firearm-possession count; and (3) violated his equal protection rights by imposing a mandatory-minimum sentence of 20 years' imprisonment because the sentencing disparity between cocaine base and cocaine powder offenses is racially discriminatory. After careful review, we affirm.

We review for clear error a trial judge's finding that a prosecutor has exercised peremptory strikes free of discriminatory intent. United States v. Alston, 895 F.2d 1362, 1366 (11th Cir. 1990). "For a factual finding to be clearly erroneous, [we], after reviewing all of the evidence, must be left with a definite and firm conviction that a mistake has been committed." United States v. Rodriguez-Lopez, 363 F.3d 1134, 1137 (11th Cir. 2004) (internal quotations omitted). The trial judge's

assessment of the prosecutor's credibility is entitled to "great deference." Batson v. Kentucky, 476 U.S. 79, 98 n.21 (1986). When a party properly preserves its claim, we review the district court's rulings on admission of evidence for abuse of discretion. United States v. Jiminez, 224 F.3d 1243, 1249 (11th Cir. 2000). We will reverse an erroneous evidentiary ruling "only if the resulting error was not harmless." United States v. Hands, 184 F.3d 1322, 1329 (11th Cir.), corrected by 194 F.3d 1186 (11th Cir. 1999). An error is harmless unless "there is a reasonable likelihood that [it] affected the defendant's substantial rights." Id. (citation omitted). We determine whether an error had substantial influence on the outcome by weighing the record as a whole, United States v. Montalvo-Murillo, 495 U.S. 711, 722 (1990), and examining "the facts, the trial context of the error, and the prejudice created thereby as juxtaposed against the strength of the evidence of defendant's guilt[,]" United States v. Reed, 700 F.2d 638, 646 (11th Cir. 1983) (quotation omitted). The denial of a motion for severance under Fed.R.Crim.P. 14(a) is also reviewed for abuse of discretion. United States v. Wilson, 894 F.2d 1245, 1253 (11th Cir. 1990). We review questions of constitutional law de novo. United States v. Paige, 604 F.3d 1268, 1274 (11th Cir. 2010).

First, we reject Mickens argument that the government's articulated reasons for striking five women with its six peremptory strikes were pretextual, that the

government failed to strike similarly situated men from the jury, and that the government exercised its peremptory strikes in a gender-discriminatory manner. Peremptory strikes generally may be exercised on any "legitimate" ground, even if the ground is not reasonable, so long as it does not deny equal protection. United States v. Tokars, 95 F.3d 1520, 1533 (11th Cir. 1996). However, a defendant may challenge the government's exercise of peremptory strikes where they reveal a pattern of purposeful racial or gender discrimination in the selection of the jury. Batson, 476 U.S. at 96-97 (involving race-conscious peremptory challenges); J.E.B., 511 U.S. at 146 (extending Batson to gender-conscious challenges).

We use a burden-shifting approach when evaluating Batson challenges. Tokars, 95 F.3d at 1533. When challenging the government's exercise of peremptory strikes, the defendant must first establish a prima facie case with sufficient evidence to permit the trial judge, based on all relevant circumstances, to draw an inference that discrimination has occurred. Id. Once the prima facie case is established, the government may rebut the inference by articulating legitimate, gender-neutral reasons for its exercise of peremptory strikes. Id. After the government articulates such reasons, the court must evaluate the credibility of the stated justifications based on the evidence placed before it. Batson, 476 U.S. at 98 & n.21. Once the prosecution has offered to the court legitimate and non-discriminatory reasons for exercising its

4

strikes, the defendant bears the burden of demonstrating that the prosecution's stated reasons are pretextual. Tokars, 95 F.3d at 1533.

A prosecutor's proffered gender-neutral reasons may be pretextual if the reason or explanation is equally applicable to jurors of a different gender who have not been stricken. See United States v. Edouard, 485 F.3d 1324, 1343 (11th Cir. 2009) (applying burden-shifting approach to claim based on racial discrimination). A prosecutor's failure to strike similarly situated jurors is not pretextual, however, where there are "relevant differences" between the struck jurors and the empaneled jurors. United States v. Novaton, 271 F.3d 968, 1004 (11th Cir. 2001). We may assume that the defendant properly made out a prima facie case when the district court required the prosecution to offer race-neutral or gender-neutral reasons for its strikes. Edouard, 485 F.3d at 1342-43 (citation omitted).

Here, Mickens has not shown that the district court clearly erred in denying his J.E.B. challenge. The government met its burden of articulating gender-neutral reasons for its challenged strikes -- to wit, visiting a relative or close friend in jail, having relatives who had been arrested, demeanor, and work experience as a hypnobirther -- and Mickens has not satisfied his burden of showing that these reasons were pretextual. The district court is entitled to deference in how it weighed the government's credibility, and we will not disturb that determination here.

Next, we find no merit in Mickens's claims that the government sought to admit his convictions for propensity purposes, and that the district court's limiting instructions regarding the proper consideration of this evidence did not overcome the resulting prejudice, or, in the alternative, that the district court abused its discretion by failing to sever the counts. Rule 404(b) of the Federal Rules of Evidence provides that "[e]vidence of other crimes, wrongs, or acts" is admissible for purposes other than to "show action in conformity therewith." Fed.R.Evid. 404(b). Other purposes for which evidence can be admitted under this rule include proof of motive, intent, and knowledge, among other listed permissible purposes. Id.

"To be admissible, 404(b) evidence must (1) be relevant to one of the enumerated issues and not to the defendant's character; (2) the prior act must be proved sufficiently to permit a jury determination that the defendant committed the act; and (3) the evidence's probative value cannot be substantially outweighed by its undue prejudice" in accordance with Fed.R.Evid. 403. United States v. Chavez, 204 F.3d 1305, 1317 (11th Cir. 2000). In determining whether the evidence is more probative than prejudicial, a district court must engage in a "common-sense assessment of all of the circumstances" of the prior evidence, including "prosecutorial need, overall similarity" between the prior evidence and the instant case, and "temporal remoteness." United States v. Brown, 587 F.3d 1082, 1091 (11th Cir.

6

2009) (citations omitted). Prior convictions for drug-trafficking offenses are considered "highly probative of intent to commit current drug trafficking offenses." See id. (citations omitted). The government sufficiently proves a prior act for purposes of the second prong of the test when the extrinsic act involves a conviction. United States v. Delgado, 56 F.3d 1357, 1365 (11th Cir. 1995). The district court's giving of a limiting instruction to the jury is a factor in weighing the unfair prejudice to a defendant. United States v. Duran, 596 F.3d 1283, 1298 (11th Cir. 2010). By entering a not guilty plea, a defendant makes intent a material issue. Edouard, 485 F.3d at 1345 (citation omitted).

Pursuant to Rule 8(a) of the Federal Rules of Criminal Procedure, an indictment may charge a defendant jointly with multiple offenses if the charged offenses "are of the same or similar character," involve the same "act or transaction," or are connected to a "common scheme or plan." Fed.R.Crim.P. 8(a). Under Rule 14(a), a defendant may move for severance if the joinder of offenses would be prejudicial. Fed.R.Crim.P. 14(a). In determining whether severance of charges under Rule 14(a) is proper, we look at the relation in "time, place, and evidence" of the charges. United States v. Gardiner, 955 F.2d 1492, 1496-97 (11th Cir. 1992) (citations omitted). A defendant seeking severance under Rule 14 must demonstrate "compelling" prejudice. See id. at 1497 (holding that the defendant had not

demonstrated "compelling" prejudice from the district court's failure to sever counts). Rule 14(a) requires "a [district] court to balance the rights of the defendant[] and the government to a trial that is free from the prejudice" against the public interest in judicial economy. Novaton, 271 F.3d at 989 (quotation omitted) (reviewing the denial of a codefendant severance motion).

Mickens has not shown that the district court abused its discretion in admitting the prior drug convictions under Rule 404(b), as the convictions were relevant to show intent, an element of Counts One and Two that the government needed to prove beyond a reasonable doubt. He has also not shown that the district court abused its discretion in denying his motion to sever Count Four. All of the counts involved the same operative facts and were sufficiently related, and Mickens cannot show "compelling prejudice" from the failure to sever the charges.

Finally, we are unpersuaded by Mickens's argument that there is no rational basis for the disparity in sentencing between crack cocaine and powder cocaine, and that the Fair Sentencing Act ("FSA") should apply to his case. The sentencing scheme punishing offenses involving cocaine base 100 times higher than offenses involving powder cocaine has a rational basis and does not violate equal protection, even though the penalties have a disparate impact on African-Americans. United States v. King, 972 F.2d 1259, 1259-60 (11th Cir. 1992). Under the prior precedent

rule, we are "bound to follow a prior binding precedent unless and until it is overruled by this [C]ourt en banc or by the Supreme Court." United States v. Vega-Castillo, 540 F.3d 1235, 1236 (11th Cir. 2008) (citation and internal quotations omitted).

Section 109 of Title 1, United States Code, provides that a statute's repeal has no effect on liability incurred under the statute unless the repealing Act expressly provides. Thus, we have held that Section 109 bars the application of the FSA to a defendant's sentence when the defendant committed his crimes before the August 2010 effective date of the FSA. United States v. Gomes, 621 F.3d 1343, 1346 (11th Cir. 2010).

Mickens has not shown that the district court's application of a mandatory minimum for Count One violated his equal protection rights. We held in King the mandatory minimum, as well as the crack cocaine sentencing scheme, constitutional against an equal protection challenge, 972 F.2d at 1259-60, and we are bound to follow King under the prior precedent rule because it has not been overruled by this Court or by the Supreme Court. Vega-Castillo, 540 F.3d at 1236. Also, because Mickens committed his crimes in 2008, well before the August 2010 effective date of the FSA, § 109 bars the application of the FSA to his sentence. Gomes, 621 F.3d at 1346.

**AFFIRMED.**