[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 28, 2011
JOHN LEY
CLERK

No. 09-15838
Non-Argument Calendar

_____

D.C. Docket No. 08-00096-CR- ORL-28-DAB

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JACOB PAUL MARSHALL,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 28, 2011)

Before BARKETT, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Jacob Paul Marshall appeals his conviction and the sentence imposed after

he pleaded guilty to attempted receipt, receipt, and possession of child

pornography. After a thorough review of the record, we affirm.

I. Background

During an investigation into child pornography, the FBI received a list of subscribers to websites containing child pornography or erotica. This list included Marshall's name. The FBI alerted U.S. Postal Inspectors, who then sent Marshall a brochure of sexually explicit DVDs available for purchase. Marshall ordered items involving preteen girls, pedophilia, and young teen girls. The Postal Service mailed Marshall the DVDs he ordered and then executed a search of his residence pursuant to a warrant. Marshall waived his rights, cooperated with authorities, and admitted searching the web for child pornography and attempting to subscribe to websites. He also admitted that he saved child pornography onto at least one CD or DVD. Authorities obtained a warrant to search Marshall's computer and found that Marshall had stored child pornography on 30 of his CDs or DVDs and had over 100 movie files and 1,000 picture files containing child pornography.

Marshall was indicted for and pleaded guilty to attempted receipt and receipt of child pornography under 18 U.S.C. §§ 2252A(a)(2)(B) and possession of child pornography under 18 U.S.C. §§ 2252A(a)(5)(B).

In preparing the presentence investigation report (PSI), the probation officer calculated Marshall's guideline range using a base offense level of 22 under

U.S.S.G. § 2G2.2, with a 2-level increase for the use of a computer under § 2G2.2(b)(6). The resulting guideline range was 97 to 121 months' imprisonment. At sentencing, Marshall requested, for the first time, that he receive a psychosexual evaluation. The court continued the sentencing hearing to allow for an evaluation.

Barbara Mara, a licensed psychologist, conducted the evaluation and concluded that Marshall had problems with impulse control and was addicted to pornography and sex. At the next sentencing hearing, Marshall testified and requested a downward departure from the guideline range. The government opposed any reduction based on Marshall's history and the results of the evaluation.

The court discussed the factors it considered and noted that it had been critical of the guidelines in past child pornography cases. But the court found that the nature and circumstances of Marshall's case were very serious and there were questions about the likelihood of recidivism. The court noted that Marshall had been accused of, but not convicted of, molestation in the past and this had not stopped Marshall's interest in child pornography. Considering the totality of the circumstances, the court concluded that a sentence within the guideline range was reasonable. The court then sentenced Marshall to 98 months' imprisonment.

Marshall now appeals, challenging his conviction and sentence on three grounds: First, Marshall argues that the district court plainly erred by increasing his offense level under § 2G2.2(b)(6) for using a computer in the commission of the offense because he used the computer solely to play discs containing pornography. Second, he argues that the district court erred by failing to depart from the guideline range. Third, he argues that 18 U.S.C. § 2252(A) is unconstitutionally overbroad because it gives equivalent sentences to distributors and recipients of child pornography. We address each issue in turn.

II. Discussion

A. Application of U.S.S.G. § 2G2.2(b)(6)

We review the interpretation and application of the Sentencing Guidelines *de novo*, and review the district court's factual findings for clear error. *United States v. Williams*, 527 F.3d 1235, 1247-48 (11th Cir. 2008). Where a defendant did not timely raise a claim of error before the district court, however, we review only for plain error. *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005). "An appellate court may not correct an error the defendant failed to raise in the district court unless there is: (1) error, (2) that is plain, and (3) that affects substantial rights." *Id.* (citing *United States v. Cotton*, 535 U.S. 625, 631 (2002)) (internal quotations omitted). If all three factors are met, we may exercise

4

discretion and correct the error if it "seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *Id.* (internal quotation marks omitted). In order to meet the second prong of the plain error test, an error must be "clear under current law." *United States v. Olano*, 507 U.S. 725, 734 (1993).

At the time of Marshall's sentencing, § 2G2.2(b)(6) provided in part that the sentencing court should increase a defendant's offense level by two "[i]f the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material." U.S.S.G. § 2G2.2(b)(6). It did not explicitly address whether merely using the computer to view child pornography was sufficient to qualify for the enhancement. In 2009, after Marshall's sentencing, the section was amended to add, "or for accessing with intent to view the material." *Id.* "Where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or [us] directly resolving it." *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003). Therefore, because the version of § 2G2.2(b)(6) in effect at the time of sentencing did not definitively answer the question raised here, there was no plain error in the application of § 2G2.2(b)(6).

Moreover, the PSI stated that Marshall admitted to law enforcement that he

used a file sharing program on his computer to search for child pornography and saved it to a disc. Marshall did not object to this factual assertion in the PSI, and therefore, for the purposes of sentencing, Marshall admitted using his computer for the receipt of child pornography through a file sharing program. *United States v. Wade*, 458 F.3d 1273, 1277 (11th Cir. 2006) ("[i]t is the law of this circuit that a failure to object to allegations of fact in a PSI admits those facts for sentencing purposes."). Accordingly, the court's application of § 2G2.2(b)(6) was proper.

### B. Departing from the Guideline Range

In *United States v. Winingear*, 422 F.3d 1241, 1245 (11th Cir. 2005), we held that we are without jurisdiction to consider a defendant's appeal of a discretionary decision of the district court not to apply a downward departure, so long as the district court did not incorrectly believe that it lacked the authority to apply a departure. *Id.* The record here shows that the district court was aware of its authority but did not believe the facts of the case warranted a departure. Accordingly, we lack jurisdiction to consider this issue.

### C. Constitutionality of § 2252A

When a constitutional challenge is raised for the first time on appeal, we generally review only for plain error. *United States v. Smith*, 459 F.3d 1276, 1282-1283 (11th Cir. 2006); *see also United States v. Walker*, 59 F.3d 1196, 1198

6

(11th Cir. 1995).

Marshall's brief fails to set forth the basis of his constitutional claim. The crux of his argument is that the "statute applies equally to those who receive the images and to those who send them."

Section 2252A(a)(2)(B) provides that

> any person who knowingly receives or distributes any material that contains child pornography that has been mailed, or using any means or facility of interstate or foreign commerce shipped or transported in or affecting interstate or foreign commerce by any means, including by computer [is subject to criminal prosecution].

We have not yet addressed whether §§ 2252A(a)(2)(B) and (a)(5)(B) are overbroad. The Supreme Court has held, however, that § 2252A(a)(3)(B), which criminalizes any act that knowingly "advertises promotes, presents, distributes, or solicits" child pornography, or materials believed to be child pornography, is not overbroad. *United States v. Williams*, 553 U.S. 285, 292-293 (2008).

We construe Marshall's constitutional challenge to be one of equal protection and proportionality. Although the explicit language of the Equal Protection Clause contained in the Fourteenth Amendment applies only to the states, *United States v. Houston*, 456 F.3d 1328, 1335 n.5 (11th Cir. 2006), "the Due Process Clause of the Fifth Amendment impliedly imposes the same

7

obligations on the federal government as does the Equal Protection Clause on the states[.]" *Id*. Where the statute at issue "does not discriminate on the basis of a suspect classification or the exercise of a fundamental right," the appropriate standard of review for an equal protection claim is the rational basis test. *United States v. Solomon*, 848 F.2d 156, 157 (11th Cir. 1988). "To pass the rational basis test, the legislation must have a legitimate purpose, and it must have been reasonable for lawmakers to believe that the use of the challenged classification would promote that purpose." *United States v. King*, 972 F.2d 1259, 1260 (11th Cir. 1992).

The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." U.S. Const. Amend. VIII. "In non-capital cases, the Eighth Amendment encompasses, at most, only a narrow proportionality principle." *United States v. Brant*, 62 F.3d 367, 368 (11th Cir. 1995). To determine whether an Eighth Amendment violation has occurred, we first must make "a threshold determination that the sentence imposed is grossly disproportionate to the offense." *Id.* After we determine that the sentence is grossly disproportionate, we must consider the sentences imposed on other criminals in the same jurisdiction, and the sentences imposed for the same crime in other jurisdictions. *Id.* "Outside

8

the context of capital punishment, *successful* challenges to the proportionality of sentences are exceedingly rare," largely because we "accord substantial deference to Congress['s] . . . broad authority to determine the types and limits of punishments for crimes." *United States v. Raad*, 406 F.3d 1322, 1323 (11th Cir. 2005) (citations and quotations omitted). "In general, a sentence within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment." *United States v. Johnson*, 451 F.3d 1239, 1243 (11th Cir. 2006)

We conclude that § 2252A(a)(2)(B) and (b)(1) do not violate equal protection by treating distribution and receipt as equivalent offenses. There is a rational basis for treating the two types of offenders similarly; the receipt of child pornography, like its distribution, is an act "in furtherance of abuse of children." Nor do the statutes violate notions of proportionality. Marshall did not demonstrate that his sentences were grossly disproportionate to his offenses. His sentences were well below the statutory maximum of 20 years' imprisonment, indicating they were neither excessive nor cruel and unusual under the Eighth Amendment. In sum, we see no evidence that §§ 2252A(a)(2)(B) and (b)(1) are unconstitutional.

**AFFIRMED.**