[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12773
Non-Argument Calendar
_____

D.C. Docket No. 0:90-cr-06108-WJZ-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARRYL SOLOMON HOPE,
a.k.a. Joe Louis Hope,
a.k.a. Darryl Hope,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 10, 2016)

Before JORDAN, ROSENBAUM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Darryl Hope, proceeding *pro se*, appeals the district court's denial of his motion to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines.  On appeal, Hope contends that he is eligible for a sentence reduction, even though he was sentenced to a statutory minimum sentence of life imprisonment, under an exception available when the guidelines calculations were a major factor in the decision to apply the mandatory statutory penalty.  Hope also argues that United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B.10, the policy statement governing sentence reductions under § 3582(c)(2), violates equal protection because it permits a certain class of defendants to be resentenced without regard to the mandatory minimum but denies that benefit to similarly situated defendants such as himself.  After careful review, we affirm.

## I.

Hope was indicted by a federal grand jury in 1990 for his role in a conspiracy to distribute cocaine.  Hope proceeded to trial and a jury found him guilty of one count of conspiracy to distribute cocaine, in violation 21 U.S.C. §§ 841(a)(1) and 846, and one count of using a firearm during and in relation to a drug-trafficking crime, in violation of 18 U.S.C. § 924(c).

Before Hope's sentencing, a probation officer prepared a presentence investigation report ("PSR") finding that Hope's base offense level was 32, based

on drug quantity, and that his criminal history category was IV.  This established a guideline range of 168 to 210 months of imprisonment.  However, the PSR noted that Hope's cocaine offense carried a statutory mandatory minimum term of life imprisonment, pursuant to 21 U.S.C. § 841(b)(1)(A), because Hope had multiple prior felony convictions.[1]  Due to the mandatory minimum, Hope's guideline range for the drug offense became life imprisonment, *see* U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."), to be followed by a consecutive five-year term of imprisonment for the § 924(c) offense, *see* 18 U.S.C. § 924(c)(1)(A)(i).

In 1991, the district court sentenced Hope to the minimum term of life imprisonment for the drug offense followed by a consecutive five-year term for the firearm offense.  At Hope's sentencing, the court noted that it was bound to sentence Hope as required by the relevant statutes.  Hope's direct appeal from his conviction was affirmed without opinion.  *See United States v. Gibson*, 996 F.2d 314 (11th Cir. 1993) (unpublished table decision).

In 2014, the Sentencing Commission issued Amendment 782, which reduced the offense level for certain drug-trafficking offenses by two levels.  That same

---

[1] According to the PSR, the government filed the required notice of the prior convictions on which it relied in seeking the enhanced statutory penalty.  *See* 21 U.S.C. § 851; *United States v. Jackson*, 544 F.3d 1176, 1184-85 (11th Cir. 2008) (explaining that the district court is without jurisdiction to impose the enhanced sentence unless the government files a § 851 notice).

3

year, Hope, proceeding *pro se*, filed a motion to reduce his sentence under § 3582(c)(2) based on Amendment 782. The government opposed the motion, arguing that Hope was ineligible for a sentence reduction because he had been sentenced to the minimum statutory penalty. Hope replied that a reduction is authorized in the "singular and unique" situation where the underlying guidelines calculation was a dominant factor in the decision to apply the enhanced statutory penalty. For that proposition Hope cited to an unpublished federal district court decision from the District of Minnesota. *See United States v. Miller*, No. 4:89-cr-00120-JMR, 2010 WL 3119768 (D. Minn. Aug. 6, 2010).

The district court denied Hope's § 3582(c)(2) motion, determining that he "is ineligible for a reduction in sentence because he was subject to the mandatory statutory penalty in excess of the guideline range, specifically, a mandatory life sentence." Hope now brings this appeal.

## II.

We review *de novo* the district court's legal conclusions about the scope of its authority under § 3582(c)(2). *United States v. Colon*, 707 F.3d 1255, 1258 (11th Cir. 2013). A district court may modify a defendant's term of imprisonment if the defendant was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any

4

reduction, however, must be consistent with the Sentencing Commission's policy statements. *Id.*

The Sentencing Commission's policy statement on § 3582(c)(2) reductions explains that a reduction is not authorized if an amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). The commentary to that policy statement further explains that a reduction is not authorized if the amendment "is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (*e.g.*, **a statutory mandatory minimum term of imprisonment**)." *Id.* § 1B1.10 cmt. n.1(A) (emphasis added).

A district court therefore is without authority to grant § 3582(c)(2) relief "when the defendant was sentenced on the basis of a mandatory minimum," even if the amendment would alter the guideline range applicable in the absence of the minimum statutory penalty. *United States v. Mills*, 613 F.3d 1070, 1078 (11th Cir. 2010). An amendment has no effect on a guideline range set solely by a statutory mandatory minimum under U.S.S.G. § 5G1.1(b). *See United States v. Glover*, 686 F.3d 1203, 1206 (11th Cir. 2012) ("[A]n amendment that alters the initial calculation of a guidelines range is not to be applied in a case where the difference in the initial calculation would have made no difference because a mandatory

5

minimum would have trumped the initial calculation and dictated the final guidelines range anyway."). Consequently, a defendant is ineligible for a § 3582(c)(2) sentence reduction when the minimum statutory penalty exceeds, and therefore supplants, the otherwise-applicable guideline range. *See United States v. Hippolyte*, 712 F.3d 535, 540 (11th Cir. 2013) (holding that U.S.S.G. Amendment 750 did not lower a defendant's guideline range where he was sentenced to a mandatory minimum under § 841(b)(1)).

Here, the district court correctly determined that it lacked the authority to reduce Hope's sentence. Hope was sentenced to life imprisonment on the basis of the mandatory minimum under 21 U.S.C. § 841(b)(1)(A). Though Amendment 782 affects his initial calculations under U.S.S.G. § 2D1.1, the amendment does not lower his guideline range because that range was established solely by the mandatory minimum. *See Glover*, 686 F.3d at 1206; U.S.S.G. § 5G1.1(b). Despite Amendment 782, "[Hope's] guidelines range was—and still is—life in prison." *Glover*, 686 F.3d at 1208. Accordingly, Hope is not eligible for a sentence reduction under § 3582(c)(2) because Amendment 782 did not lower his guideline range. *See Hippolyte*, 712 F.3d at 540-42; U.S.S.G. § 1B1.10 cmt. n.1(A).

Hope's reliance on *Miller* is misplaced because it is non-binding authority and it is contrary to circuit precedent and the Sentencing Commission's policy statements. In addition, Hope is mistaken that the Supreme Court's decision in

*Freeman v. United States*, 131 S. Ct. 2685 (2011), permits resentencing in his case without regard to the mandatory minimum.[2]  In *Lawson*, we held that *Freeman* did not overrule our case law concerning situations "where the defendants were assigned a base offense level under one guideline section, but then assigned a total offense level and guideline range under a different guideline section."  *United States v. Lawson*, 686 F.3d 1317, 1321 (11th Cir. 2012).  Although *Lawson* concerned the career-offender guideline, U.S.S.G. § 4B1.1, we have recognized that there is no substantive distinction, for § 3582(c)(2) purposes, between the analysis of career-offender designations and statutory mandatory minimums under § 841(b)(1).  *Hippolyte*, 712 F.3d at 542.  Accordingly, *Freeman* does not change the result here.

Hope also argues that U.S.S.G. § 1B1.10 violates his equal-protection rights because this policy statement permits a certain class of defendants—those who received an original sentence below the mandatory minimum due to a government motion for substantial assistance—to be resentenced in a § 3582(c)(2) proceeding without regard to the mandatory minimum or U.S.S.G. § 5G1.1, while excluding Hope and other defendants otherwise similarly situated from that same benefit.

---

[2] *Freeman* addressed whether a sentence is "based on" the guidelines in the context of a negotiated plea agreement containing a recommended sentence.  *See* Fed. R. Crim. P. 11(c)(1)(C).

7

The equal-protection guarantee broadly prohibits the government from drawing distinctions between individuals based on differences that are irrelevant to a legitimate government purpose. *Lofton v. Sec'y of Dep't of Children & Family Servs.*, 358 F.3d 804, 817 (11th Cir. 2004). Because the challenged classification does not burden a fundamental right or target a suspect class, as Hope admits, we review the classification to determine if it is supported by a rational basis. *See id.* at 818. "To pass the rational basis test, the legislation must have a legitimate purpose, and it must have been reasonable for lawmakers to believe that the use of the challenged classification would promote that purpose." *United States v. King*, 972 F.2d 1259, 1260 (11th Cir. 1992) (reviewing an equal-protection challenge to the Sentencing Guidelines' disparate penalties for crack cocaine and powder cocaine).

Here, Hope's equal-protection arguments are unavailing. We have held that a provision allowing a defendant to be sentenced below a mandatory minimum for "substantial assistance" does not violate equal protection because "there is a rational relationship between the statute and Congress' purpose" of encouraging those with information about drug kingpins to disclose such information. *United States v. Musser*, 856 F.2d 1484, 1486-87 (11th Cir. 1988) (concerning 18 U.S.C. § 3553(e) and Rule 35, Fed. R. Crim. P.). Section 1B1.10(c) of the Sentencing Guidelines merely extends that rational distinction to a § 3582(c)(2) proceeding by

8

permitting defendants originally sentenced below the mandatory minimum due to substantial assistance to be resentenced under § 3582(c)(2) below the mandatory minimum.[3]   In that way, the classification furthers legitimate governmental purposes by maintaining the distinction between those defendants who provide substantial assistance and those who do not.  *See* U.S.S.G. Supp. App. C, Amend. 780 (Reason for Amendment) (2014); *see also* 18 U.S.C. § 994(n) (directing the Commission to "assure that the guidelines reflect the general appropriateness of imposing a lower sentence than would otherwise be imposed, including a sentence that is lower than that established by statute as a minimum sentence, to take into account a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense").   Accordingly, § 1B1.10's distinction between defendants based on "substantial assistance" does not violate equal protection.

In sum, the district court properly found that Hope was not eligible for a sentence reduction under § 3582(c)(2) because his sentence was based on a statutory mandatory minimum that remains unaffected by Amendment 782.

**AFFIRMED.**

---

[3] We note that this provision, which became effective in November 2014 through Amendment 780, is contrary to our earlier holding in *United States v. Williams*, 549 F.3d 1337, 1340-41 (11th Cir. 2008).

9