**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Eric CHANEL, Defendant–Appellant.**

No. 92–4329
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Sept. 30, 1993.

---

4.  During oral argument, counsel for Farrell admitted that the two exceptions to the *Teague* rule do not apply in this case.

Hugo A. Rodriguez, Douglas C. Greene, Asst. Federal Public Defenders, Miami, FL, for defendant-appellant.

Luis M. Perez, Asst. U.S. Atty., Miami, FL, for plaintiff-appellee.

Before KRAVITCH, ANDERSON and BIRCH, Circuit Judges.

PER CURIAM:

Eric Chanel was convicted by a jury of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), and importation of cocaine, in violation of 21 U.S.C. §§ 952(a) and 960(a)(1). He was sentenced to concurrent terms of 115 months imprisonment on each count, to be followed by four years supervised release. On appeal, he argues that the district court erred by adjusting his criminal history calculation upward two points to account for a prior juvenile offense.[1] For the following reasons, we affirm the sentence imposed by the district court.

Section § 4A1.2(d) of the United States Sentencing Guidelines provides:

*(d) Offenses Committed Prior to Age Eighteen*

(1) If the defendant was convicted as an adult and received a sentence of imprisonment exceeding one year and one month, add 3 points under § 4A1.1(a) for each such sentence.

(2) In any other case,

(A) add 2 points under § 4A1.1(b) for each adult or juvenile sentence to confinement of at least sixty days if the defendant was released from such confinement within five years of his commencement of the instant offense;

(B) add 1 point under § 4A1.1(c) for each adult or juvenile sentence imposed within five years of the defendant's commencement of the instant offense not covered in (A).

Pursuant to § 4A1.2(d)(2)(A), the district court assessed Chanel two points to account for his 1987 commitment to Eckerd Youth Development Center in Florida, where he had spent 4½ months following an adjudication of guilt for auto theft and trespassing. Chanel argues that this was error because § 4A1.2(d) was intended to apply only to juveniles who were convicted as adults and sentenced to incarceration, not to juvenile adjudications of guilt. In support, Chanel notes that § 4A1.2(d)(2)(A) refers to "each adult or juvenile sentence to confinement" and does not mention "juvenile adjudication."

We reject Chanel's argument. Section 4A1.2(d)(1) provides that if a defendant was convicted as an adult for an offense committed prior to age 18 and was sentenced to more than 13 months imprisonment, three points should be added to his criminal history score. Section 4A1.2(d)(2) then provides that *"[i]n any other case,"* either one or two points should be assessed for adult or juvenile sentences imposed within five years of the instant offense. The guideline does not distinguish between juvenile adjudications that result in juvenile sentences and adult adjudications that result in juvenile sentences.

Every other court to consider the applicability of § 4A1.2(d) has indicated that it should not be read to exclude juvenile adjudications of guilt. *See United States v. Fuentes*, 991 F.2d 700, 702 (11th Cir.1993) (juvenile commitment during which defendant served more than sixty days involuntary confinement counted toward criminal history score); *United States v. Davis*, 929 F.2d 930, 932–33 (3rd Cir.1991) (stating that § 4A1.2(d)(2) applies to both juvenile adjudications and some adult convictions); *United States v. Unger*, 915 F.2d 759, 764 (1st Cir. 1990) (noting that defendant did not contend that juvenile conviction was improperly counted under § 4A1.2(d)(2)(A), and stating that such an argument would be "specious on its face"), *cert. denied*, 498 U.S. 1104, 111

---

**1.** The district court concluded that Chanel's offense level was 26 and that he fell under criminal history category IV; the applicable guideline range was 92–115 months imprisonment. Had Chanel's prior juvenile adjudication not been counted, he would fall under criminal history category III; the applicable guideline range would be 78–97 months imprisonment.

S.Ct. 1005, 112 L.Ed.2d 1088 (1991); *United States v. Booten,* 914 F.2d 1352, 1354 (9th Cir.1990) (rejecting argument that Congress did not authorize the Sentencing Commission to consider juvenile court adjudications in adopting sentencing guidelines and noting that courts had "routinely and unanimously" applied § 4A1.2(d) without questioning Commission's authority to promulgate guideline); *United States v. Hanley,* 906 F.2d 1116, 1120 (6th Cir.) (juvenile adjudications properly considered as "confinement" under § 4A1.2(d)(2)(A)), *cert. denied,* 498 U.S. 945, 111 S.Ct. 357, 112 L.Ed.2d 321 (1990); *United States v. Bucaro,* 898 F.2d 368, 370 (3rd Cir.1990) (rejecting constitutional challenge to § 4A1.2(d)(2), and noting that district court properly considered defendant's prior juvenile delinquency adjudications under guideline); *United States v. Kirby,* 893 F.2d 867, 868 (6th Cir.1990) (consideration of prior juvenile adjudication permitted under 4A1.2(d)(2)(A), even though juvenile adjudication of guilt cannot be deemed a conviction under Kentucky law). Chanel has not cited, and we have not discovered, any case law to the contrary.

AFFIRMED.