*Jones,* however, opens the door to the question of whether § 841's unambiguous classification of quantity as a sentencing factor violates the Fifth and Sixth Amendments. This circuit has rejected similar constitutional challenges to § 841 in the past. *See United States v. Underwood,* 982 F.2d 426, 429 (10th Cir.1992) (rejecting defendant's argument that determination of quantity by the sentencing judge violated the defendant's Fifth and Sixth Amendment rights to due process and trial by jury); *United States v. Short,* 947 F.2d 1445, 1458 (10th Cir.1991) (trial by jury); *Jenkins,* 866 F.2d at 334 (trial by jury and due process). "We are bound by the precedents of prior panels [of this court] absent en banc reconsideration or a superseding contrary decision by the Supreme Court." *In re Smith,* 10 F.3d 723, 724 (10th Cir.1993) (per curiam). Because *Jones* "suggests" rather than establishes a new principle of constitutional law, 119 S.Ct. at 1224 n. 6, we adhere to the doctrine of stare decisis and decline to reexamine whether the penalty provisions of § 841(b)(1) violate the Fifth and Sixth Amendments.

Thus, the reference in the indictment to § 841(b)(1)(C) was not binding on the sentencing court, and it did not err in imposing two concurrent terms of thirty years imprisonment in accordance with appropriate statutory and Sentencing Guidelines penalty ranges as dictated by the facts found at the sentencing hearing.

AFFIRMED.

---

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Eddie Roosevelt HANDS, Defendant–Appellant.**

No. 97–6718.

United States Court of Appeals, Eleventh Circuit.

Oct. 27, 1999.

Dennis J. Knizley, Mobile, AL, Marcia G. Shein, Richard D. Biggs, Shein & Biggs, Atlanta, GA, for Defendant–Appellant.

Gina S. Vann, Assistant U.S. Attorney, Mobile, AL, for Plaintiff–Appellee.

**ORDER**

Motion of the Appellee to strike footnote 31 of the Court's opinion, dated August 18, 1999 [184 F.3d 1322], is GRANTED.