[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 8, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-17000
Non-Argument Calendar

_____

D. C. Docket No. 04-80130-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARYL LEROY HICKSON,
a.k.a. Daryl Hickson,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(November 8, 2006)**

Before BLACK, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Daryl Leroy Hickson ("Hickson") appeals his conviction and 117-month

sentence for possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841 (Count One), possession of a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924 (Count Two), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Three). Hickson argues that the district court erred when it allowed a narcotics officer to testify (1) that the manner in which the cocaine he seized from Hickson and the manner in which Hickson kept his money were consistent with drug dealing and (2) that drug dealers frequently carry firearms. Hickson asserts that the officer's testimony amounted to opinion evidence that Hickson was a drug dealer, and that he possessed a firearm. He contends that the evidence was unfairly prejudicial pursuant to Fed. R. Evid. 403, and it was also inadmissible opinion evidence pursuant to Fed. R. Evid. 704(b). Furthermore, Hickson argues that his sentence was unreasonable under the Guidelines and was improperly enhanced based upon his prior convictions. Upon review of the record, and upon consideration of the parties' briefs, we find no reversible error.

I.    BACKGROUND

At Hickson's trial, Officer Brian Williams, of the West Palm Beach Police Department ("WPBPD"), testified that on April 14, 2004 he responded to a report that a shooting was possibly going to take place. Officer Williams stated that he

was the first officer to arrive at the scene. Upon his arrival, he saw four males congregating in the front yard of a house. He ordered the men to lay on the ground. Hickson, who was later identified as one of the men, did not comply with Officer Williams' command and ran away.

When Officer Paul Creelman, also with the WPBPD, arrived at the scene, Officer Williams informed him that one of the men had fled. Officer Creelman testified that as he began to walk in the direction that the person had run, Hickson came toward him. Officer Creelman detained Hickson.

By this time, other officers had arrived at the scene. Since Officer Williams thought that Hickson possessed a firearm when he fled, both he and Officer Creelman began to search the fenced area surrounding the house where Hickson had initially fled. Officer Williams found a firearm hidden in a shed at the rear of the yard, and it was taken into evidence by the crime scene investigator, Kimberly Shumway.

Officer Williams formally placed Hickson under arrest and proceeded to search him. Officer Williams testified that he found 1.3 grams of crack cocaine, and that the cocaine was separated into individual bags and "packaged for sale." Officer Williams also found more than $200 in $5 bills. Over a defense objection, Officer Williams stated that drug dealers usually keep small denominations

3

separated into "dope wads," and Hickson had his money in a similar dope wad. Officer Williams also testified that in his experience, he often found that drug dealers possessed firearms.

Also during Hickson's trial, the crime scene investigator testified that she collected the gun that Officers Creelman and Williams had found and tested it for DNA evidence. Catherine Cothran, an expert witness on DNA testing, testified that the DNA evidence obtained from the gun matched the DNA swab taken from Hickson to a scientific certainty.

Detective Jason Houston with the Bureau of Alcohol, Tobacco, and Firearms interviewed Hickson at the police station. Houston testified that Hickson admitted, after being advised of his constitutional rights, that he ran from Officer Williams because he had cocaine in his possession. Hickson also admitted that he made a living by selling crack cocaine, but he said that he did not possess a firearm. Hickson stipulated to his status as a convicted felon. After a three day trial, the jury found Hickson guilty of all three counts.

At sentencing, the district court sentenced Hickson to 117 months imprisonment. As to Counts One and Three, the district court calculated a base offense level of 18 and a criminal history of category VI. Therefore, the guideline range was 57 to 71 months imprisonment. The court sentenced Hickson to 57

4

months imprisonment as to Counts One and Three, and to a consecutive 60 months as to Count Two.[1]

II.    DISCUSSION

A.    The District Court Did Not Err in Allowing the Officer's Testimony

Hickson argues that the district court erred in allowing Officer Williams to testify that the manner in which the cocaine was packaged and the manner in which Hickson carried his money were consistent with drug dealing. Hickson argues that this evidence is inadmissible opinion evidence pursuant to Rule 704(b) and unfairly prejudicial pursuant to Rule 403. We review the district court's ruling on the admission of evidence for an abuse of discretion. *United States v. Jiminez*, 224 F.3d 1243, 1249 (11th Cir. 2000). "An erroneous evidentiary ruling will result in reversal only if the resulting error was not harmless." *United States v. Hands*, 184 F.3d 1322, 1329 (11th Cir. 1999), *corrected by* 194 F.3d 1186 (11th Cir. 1999). An error is harmless unless there is a "reasonable likelihood that [it] affected the defendant's substantial rights." *Id.* at 1329.

Officer Williams testified, without objection, that based on his experience the cocaine he seized from Hickson was individually packaged for sale. Because Hickson failed to object to the admission of this evidence, this Court "does not

_____

[1] As to Count Two, the sentence imposed shall run consecutive to the sentence imposed for the other offenses. 18 U.S.C. § 924(c)(1).

5

apply the usual abuse of discretion standard of review, but rather employs the plain error standard." *United States v. Chilcote*, 724 F.2d 1498, 1503 (11th Cir. 1984). (internal citation omitted). Under a plain-error analysis, a defendant must show (1) an error, (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Cotton*, 535 U.S. 625, 631, 122 S. Ct. 1781, 1785, 152 L. Ed. 2d 860 (2002). An error cannot be plain if the error is not obvious or clear under current law. *United States v. Humphrey*, 164 F.3d 585, 588 (11th Cir. 1999).

Hickson's reliance on Fed. R. Evid. 704(b) is misplaced. Rule 704(b) states that "[n]o expert witness testifying with respect to the mental state or condition of a defendant in a criminal case may state an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged." Fed. R. Evid. 704(b). Officer Williams did not testify as an expert witness. Officer Williams testified as a fact witness pursuant to Fed. R. Evid. 701.[2] Further, the district court decision to allow Officer Williams to testify about his experience concerning the manner in which cocaine is packaged for sale

---

[2] Pursuant to Fed. R. Evid. 701, opinion evidence offered by a lay witness is admissible when the opinions or inferences are "(a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed.R.Evid. 701.

was not plain error. This Court has stated that "[t]he rule is well-established that an experienced narcotics agent may testify about the significance of certain conduct or methods of operation unique to the drug distribution business." *United States v. Butler*, 102 F.3d 1191, 1199 (11th Cir. 1997); *see also United States v. Novation*, 271 F.3d 968, 1007-09 (11th Cir. 2001)(affirming the district court's decision to allow agents to give non-expert opinion testimony based on their perceptions and experiences as police officers about the meaning of code words employed by the defendants).[3] Therefore, the district court did not plainly err in allowing Officer Williams to testify that the cocaine was packaged for sale.

Hickson also argues that the district court erred in allowing Officer Williams to testify over his objection that the manner in which Hickson carried his money was a "dope wad." Officer Williams testified that in his experience drug dealers usually keep their money in a "dope wad," which consists of a large amount of money in small denominations, and Hickson carried his money in a similar fashion.

The testimony that the narcotics officer gave in *United States v. Butler* is essentially the same as the challenged testimony in this case. *Butler*, 102 F.3d 1191. In *Butler*, we held that testimony of an officer concerning "dealer folds" was

---

[3] Rule 701 was amended in 2000. We have held that this amendment does not alter our Rule 701 jurisprudence in cases where officers testify as lay witnesses. *Tampa Bay Shipbldg. & Repair Co.*, 320 F.3d 1213, 1223 n. 17 (11th Cir. 2003).

admissible pursuant to Fed. R. Evid. 701 and not unduly prejudicial pursuant to Fed. R. Evid. 403. *Id.* Rule 403 is "'an extraordinary remedy which should be used sparingly,' the trial court's discretion to exclude evidence as unduly prejudicial is 'narrowly circumscribed.'" *United States v. Cross*, 928 F.2d 1030, 1051 (11th Cir. 1991). Accordingly, we do not find that the officer's testimony was unduly prejudicial; therefore, the district court did not abuse its discretion by allowing the testimony. Furthermore, any error was harmless since Hickson admitted that he was a drug dealer.

Hickson also argues that the district court erred by allowing Officer Williams to testify that in his experience drug dealers often carry firearms. Hickson argues that this testimony is tantamount to the officer telling the jury his opinion about whether or not Hickson possessed the firearm. However, Officer Williams' testimony was not based on his opinion as to whether Hickson possessed a firearm. The government asked Officer Williams if in his experience he saw a common thread of arrests involving firearms and drugs, and Officer Williams answered in the affirmative. This testimony was based on his experience in arresting persons involved in the drug trade. While such testimony might be prejudicial to Hickson, we find that it is not unduly so. Furthermore, even if the district court erred by allowing this testimony, it was harmless in light of the

8

testimony that Hickson's DNA was found on the firearm that was recovered at the scene.

### B. Hickson's Sentence Was Reasonable

Hickson argues that his sentence is unreasonable because his criminal history consisted of juvenile convictions and that the ten year consecutive sentence for the possession of the firearm during a drug trafficking offense was not reasonable given his background of drug addiction. Furthermore, Hickson argues that the district court improperly enhanced his sentence based on his prior convictions.

We review the sentence imposed by a district court for reasonableness. *United States v. Talley*, 431 F.3d 784, 785 (11th Cir. 2005)(*per curiam*). After *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), sentencing requires two steps. First, a district court must correctly calculate the range provided by the Guidelines. *Talley*, 431 F.3d at 786. Second, the district court must consider the factors in 18 U.S.C. § 3553(a) to determine a reasonable sentence. Section 3553(a) factors include: (1) the nature and circumstances of the offense, and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the

9

public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the advisory guideline range; (8) the need to avoid sentencing disparities; and (9) the need to provide restitution to victims. *See* 18 U.S.C. § 3553(a). However, "nothing in *Booker* or elsewhere requires that the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the 3553(a) factors." *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005). The party challenging a sentence bears the burden of establishing that the sentence was unreasonable in light of the record and the 3553(a) factors. *Talley*, 431 F.3d at 788.

Before imposing a sentence, the district court acknowledged its obligation to consider the § 3553(a) factors. The record reflects that the court considered both Hickson's arguments concerning mitigation and the § 3553(a) factors, especially the need for deterrence and the need to protect the public. The court then imposed a sentence at the low end of the advisory guideline range. Although a sentence within the Guidelines is not *per se* reasonable, "ordinarily we would expect a sentence within the Guidelines range to be reasonable." *Talley*, 431 F.3d at 788.

As to Hickson's argument that his juvenile convictions should not have been considered, the Guidelines and this Court have clearly stated that juvenile

10

convictions are counted as part of a defendant's criminal history. *See* USSG § 4A1.2(d); *see also United States v. Chanel*, 3 F.3d 372, 373 (11th Cir. 1993)*(per curiam)*. Finally, the district court did not err in enhancing Hickson's sentence based on his prior convictions. In *Almendarez-Torres v. United States*, decided prior to *Booker*, the United States Supreme Court held that the government does not have to allege in its indictment and does not have to prove beyond a reasonable doubt that a defendant had prior convictions for a district court to use those convictions for the purpose of enhancing a sentence. 523 U.S. 224, 118 S. Ct. 1219, 140 L. Ed. 2d (1998); *see United States v. Marseille*, 377 F.3d 1249, 1257 (11th Cir. 2004). Since the decision in *Booker*, we have held that *Almendarez-Torres* remains valid law. *United States v. Greer*, 440 F.3d 1267, 1273 (11th Cir. 2006).

Since the district court considered both Hickson's arguments concerning mitigation and the 18 U.S.C. § 3553 factors, sentenced him to the low end of the advisory guideline range, and nothing in the record suggests that his sentence was unreasonable, Hickson has failed to meet his burden of establishing that the sentence was unreasonable.

Accordingly, we find no reversible error and affirm.

**AFFIRMED.**