[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15113
Non-Argument Calendar
_____

D.C. Docket No. 8:12-cr-00065-JDW-AEP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEMETRIUS GREGORY FLOYD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 12, 2013)

Before TJOFLAT, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Demetrius Floyd appeals his conviction for possession of crack cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), claiming that the district court improperly admitted, under Fed.R.Evid. 403, 404(b), his 14-year-old conviction for possessing and delivering cocaine.  The trial evidence showed that police found Floyd and several other individuals inside a Florida residence containing drug paraphernalia and substantial amounts of crack cocaine, most of which was inside the bedroom that Floyd was seen exiting and that contained Floyd's driver's license and a document addressed to him.  His prior conviction for possession and delivery of cocaine was presented to the jury as an oral stipulation for the purposes of proving intent and knowledge, after which, the court read two Rule 404(b) limiting instructions.  Before trial and after the close of evidence, Floyd requested that a simple possession instruction be given to the jury along with his charged offense, but the court declined to issue the instruction.  The jury found Floyd guilty, and he was sentenced to 360 months' imprisonment.   On appeal, Floyd argues that the court abused its discretion in admitting evidence of his prior cocaine conviction.  After thorough review, we affirm.

We review the district court's ruling on the admission of evidence for abuse of discretion.  United States v. Jiminez, 224 F.3d 1243, 1249 (11th Cir. 2000).  Rule 404(b) provides, in relevant part, that evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in

2

conformity therewith. Fed.R.Evid. 404(b)(1). This evidence may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Fed.R.Evid. 404(b)(2). The following three-step test must be satisfied for evidence to be admitted under Rule 404(b): (1) the extrinsic offense must be relevant to an issue other than the defendant's character; (2) there must be proof that the defendant committed the offense; and (3) the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of Rule 403. United States v. Matthews, 431 F.3d 1296, 1310-11 (11th Cir. 2005). Rule 404(b) is a rule of inclusion, thus 404(b) evidence should generally be admitted when essential to establishing a case. United States v. Jernigan, 341 F.3d 1273, 1280 (11th Cir. 2003).

Concerning prong one, we have held that, if the relevant issue is intent, the prior act must have required the same state of mind as the charged offense. United States v. Beechum, 582 F.2d 898, 914 (5th Cir. 1978).[1] Further, a defendant who enters a not guilty plea makes intent a material issue, especially when he presents a "mere presence" defense, thus "imposing a substantial burden on the government

---

[1]    In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

3

to prove intent," which the government may do using qualifying Rule 404(b) evidence. United States v. Delgado, 56 F.3d 1357, 1365-66 (11th Cir. 1995).

As for prong two, extrinsic evidence of a prior conviction provides sufficient proof that the defendant committed the prior bad act. Id. at 1365. In addressing prong three, the district court must engage in "a common sense assessment of all the circumstances surrounding the extrinsic offense, including prosecutorial need, overall similarity between the extrinsic act and the charged offense, as well as temporal remoteness," in determining whether Rule 404(b) evidence is more probative than prejudicial. United States v. Brown, 587 F.3d 1082, 1091 (11th Cir. 2009) (quotations omitted).

We have declined to adopt a bright-line rule regarding temporal remoteness between the extrinsic act and the charged offense. Matthews, 431 F.3d at 1311-12. We have also held that an intervening period of 15 years did not render extrinsic evidence of small-scale marijuana convictions inadmissible, despite the convictions' "differing nature and remoteness in time" from the defendant's charged participation in a large-scale cocaine deal. United States v. Lampley, 68 F.3d 1296, 1300 (11th Cir. 1995).

Evidence of prior drug dealings is highly probative of intent in subsequent charges of conspiracy and distribution of a controlled substance. United States v. Diaz-Lizaraza, 981 F.2d 1216, 1224-25 (11th Cir. 1993). We have held that Rule

4

404(b) evidence is especially probative when the government lacks credible witnesses to testify as to a defendant's intent to distribute, and when the defendant's defense relies on mere presence or "non-participation." Id. at 1225. Further, any unfair prejudice caused by admitting extrinsic evidence is mitigated by the issuance of a limiting instruction to the jury. Id.

We will reverse an erroneous evidentiary ruling "only if the resulting error was not harmless." United States v. Hands, 184 F.3d 1322, 1329 (11th Cir. 1999), modified by 194 F.3d 1186 (11th Cir. 1999); see also Fed.R.Crim.P. 52(a). An error in admitting Rule 404(b) evidence is harmless unless it caused "actual prejudice because it had substantial and injurious effect or influence in determining the jury's verdict." United States v. Phaknikone, 605 F.3d 1099, 1109 (11th Cir. 2010) (quotations omitted).

Lastly, to establish a violation of 21 U.S.C. § 841(a)(1), the offense with which Floyd was charged, the government must prove beyond a reasonable doubt that the defendant (1) knowingly (2) possessed a controlled substance (3) with the intent to distribute that substance. See United States v. Woodward, 531 F.3d 1352, 1360 (11th Cir. 2008).

In this case, Floyd has failed to establish that the district court abused its discretion in concluding that Floyd's prior conviction for possession and delivery of cocaine was admissible for the non-propensity purposes of establishing Floyd's

5

intent and knowledge.  See Fed.R.Evid. 404(b).  First, the court was justified in concluding that, because Floyd pled not guilty and did not expressly remove intent as an issue, he thereby made intent an issue.  See Delgado, 56 F.3d at 1365-66. Although Floyd criticizes the rule that a not-guilty plea necessarily places intent at issue, arguing that the subject should be addressed on a case-by-case basis, we have repeatedly held to the contrary.  See, e.g., Matthews, 431 F.3d at 1311.

At trial, Floyd relied on the defense that he was merely present at the house and also requested a jury instruction on simple possession, which would have placed his intent directly at issue.  The government made clear that its primary reason for admitting the conviction was to refute the foreseeable argument regarding simple possession, and, after the court denied to give the instruction, the government intentionally refrained from emphasizing the conviction during its closing arguments.  Floyd argues that, because the parties did not know whether the court would grant his request, and because the court, in fact, denied his request, his intent never became an issue.  However, since Floyd made the request before trial and renewed it after all the evidence had been presented, including his prior conviction, the fact that the court ultimately denied his request was irrelevant to the government's apparent need for the evidence while the matter was unresolved.

Second, it reasonable for the court to conclude that Floyd was contesting his knowledge of the characteristics of the substance found in his possession.  Indeed,

6

Floyd presented a mere presence defense, which implied that he had no unlawful mindset regarding the crack cocaine.  See Diaz-Lizaraza, 981 F.2d at 1225.

Further, Floyd failed to demonstrate that the court abused its discretion in conducting the Rule 403 balancing test.  Because an intervening period of as much as 15 years does not, alone, render evidence of prior convictions inadmissible, the 14-year gap between Floyd's prior conviction and his current offense did not preclude the admission of his prior conviction.  See Lampley, 68 F.3d at 1300.  Additionally, since both the prior and current offenses involved possession, with intent to distribute or deliver, cocaine in some form in street-level transactions, the past offense is similar enough to provide significant probative value in this case.

Though Floyd emphasizes the difference in relevance between admitting prior offenses to prove intent versus knowledge, he fails to address that one of the government's purposes for admitting the prior offense was to prove that he knowingly possessed crack cocaine.  For the same reasons, Floyd's argument -- that his prior conviction was irrelevant to proving possession -- is also flawed.  Moreover, the court mitigated any unfair prejudice by presenting the prior conviction orally, as a factual stipulation, rather than admitting a paper copy, and by giving the jury multiple limiting instructions regarding the proper use of the evidence.  See Diaz-Lizaraza, 981 F.2d at 1225.

Regardless, even if the court abused its discretion in admitting the evidence of Floyd's prior conviction, any error was harmless. The alleged error was not reasonably likely to have affected Floyd's substantial rights, since there was sufficient evidence supporting the verdict unrelated to his prior conviction. See Phaknikone, 605 F.3d at 1109. In fact, other evidence showed that: (1) officers detained Floyd as he walked out of a bedroom containing, in plain view, recently cooked crack cocaine and paraphernalia consistent with distribution; (2) Floyd had $1,465 in small bills bundled in his pockets, which was consistent with street-level distribution; (3) in that bedroom, Floyd's driver's license and a court document addressed to him were discovered in the same chest of drawers as several bags of crack cocaine; and (4) Floyd's DNA was consistent with the DNA recovered from several of the bags of crack cocaine found in that bedroom. See id. Based on this evidence, a reasonable jury could have found beyond a reasonable doubt that Floyd possessed crack cocaine with intent to distribute it. See id.

In short, because the district court's admission of the Rule 404(b) evidence was not an abuse of discretion and, moreover, did not influence the outcome of the case, we affirm.

**AFFIRMED.**