[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-15335
Non-Argument Calendar

_____

D.C. Docket No. 1:15-cr-20332-MGC-3


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THOMSIN PIERRE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 29, 2017)

Before JORDAN, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Thomsin Pierre appeals his conviction for conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846.  Pierre contends the district court erred when it denied his adopted motion to suppress evidence found on his cell phones seized pursuant to a non-arrest detention.  After review,[1] we affirm.

## I. DISCUSSION

Pierre argues on appeal that the plain-view doctrine did not apply in this case for two reasons:  first, the officers did not have lawful access to his cell phones during the stop; and second, the incriminating nature of the cell phones was not immediately apparent.  We need not, however, address his arguments because, as the Government points out, to the extent there was any error, it was harmless.

This Court will reverse on the basis of an erroneous evidentiary ruling "only if the resulting error was not harmless."  *United States v. Hands*, 184 F.3d 1322, 1329 (11th Cir.), *corrected by* 194 F.3d 1186 (11th Cir. 1999); *see also* Fed. R. Crim. P. 52(a).  "[I]f the jury might have relied on the unconstitutional evidence in reaching its verdict, then the error was harmful unless the other evidence of guilt was so overwhelming that the defendant suffered no prejudice from the admitted evidence."  *United States v. Khoury*, 901 F.2d 948, 960 (11th Cir.), *opinion*

---

[1] We review a district court's denial of a motion to suppress under a mixed standard, reviewing the district court's findings of fact for clear error, and its application of the law to those facts *de novo*. *United States v. Bervaldi*, 226 F.3d 1256, 1262 (11th Cir. 2000).

2

*modified on denial of reh'g,* 910 F.2d 713 (11th Cir. 1990) (citing *United States v. Drosten*, 819 F.2d 1067, 1072 (11th Cir. 1987)).  Here, although the jury may have relied in part on the cell phone evidence, the additional evidence of guilt was overwhelming.  Both of Pierre's co-conspirators that testified at trial stated that Pierre was the source of the funds for the attempted cocaine purchase, and they recounted at length and in detail his role.  Moreover, the testimony of the arresting officers corroborated the co-conspirators' stories regarding Pierre's participation in the transaction:  police observed Pierre at the scene of the attempted purchase involved in a verbal altercation with his co-conspirators after the cocaine deal fell through and saw him repossessing a blue bag full of cash that Pierre's co-conspirators had assured an undercover agent was the purchase money.  The police followed Pierre as he drove off with another co-conspirator; Pierre attempted to evade them while throwing objects out the window of the vehicle until he was arrested.  After being read his *Miranda* rights, Pierre freely admitted the cash belonged to him.  The arresting officer asked what he planned to buy with the money and Pierre replied that he was going to buy a "car," which all of the witnesses at trial agreed is a well-known code word for cocaine.  When the arresting officer inquired as to what kind of automobile Pierre intended to purchase, Pierre said he did not know, and when the officer asked whether "car" was in fact code for "cocaine," Pierre merely chuckled and smirked.  Finally,

3

Pierre's banking records and employment history indicated he lied to the officers about where the money came from. In short, the cell phone evidence, although indicative of Pierre's guilt, was merely icing on the cake. The voluminous additional evidence of Pierre's guilt was so overwhelming that any error in the introduction of the cell phone evidence was harmless. *See Khoury*, 901 F.2d at 960.

## II. CONCLUSION

For the reasons stated above, we affirm Pierre's conviction.

**AFFIRMED.**