[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-10012
Non-Argument Calendar

_____

D.C. Docket No. 7:17-cr-00079-LSC-JHE-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CEDRICK LAMAR COLLINS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(November 7, 2019)

Before TJOFLAT, BRANCH, and EDMONDSON, Circuit Judges.

PER CURIAM:

Cedrick Lamar Collins appeals his above-guideline 240-month total sentence, imposed upon resentencing -- after pleading guilty to bank robbery, 18 U.S.C. § 2113(a), and hostage taking during a robbery, 18 U.S.C. § 2113(a), (e).

We previously vacated Collins's sentences and remanded to the district court for resentencing because the district court plainly erred by requiring Collins to register as a sex offender. *See United States v. Collins*, 753 F. App'x 863, 866 (11th Cir. 2018) (unpublished). We stated, however, that Collins's other arguments on appeal -- that his sentence was procedurally and substantively unreasonable because (1) the district court failed to explain sufficiently the reasons for the 120-month upward variance and (2) failed to consider properly the 18 U.S.C. § 3553(a) factors, including that Collins was 18 years' old when he committed the robbery -- lacked merit and that we would not address the arguments in detail. *Id*. at 864, n. 1. At resentencing, the district court sentenced Collins again to a 240-month total sentence for the same reasons. Collins now argues that the district court failed to explain adequately his sentences following remand. He further argues that his above-guideline, 240-month total sentence was substantively unreasonable because the district court failed to give a sufficiently significant justification for its 120-month upward variance.

2

Under the law-of-the-case doctrine, district and appellate courts are bound by findings of fact and conclusions of law made by an appellate court in a prior appeal in the same case, unless the case fits within one of the narrow exceptions to the law-of-the-case doctrine. *United States v. Anderson*, 772 F.3d 662, 668 (11th Cir. 2014). Those exceptions occur where there is new evidence, where the appellate decision is clearly erroneous and would cause manifest injustice, or where an intervening change in controlling case law dictates a different result. *Id.* at 668-69. "The law of the case doctrine, self-imposed by the courts, operates to create efficiency, finality, and obedience within the judicial system so that an appellate decision binds all subsequent proceedings in the same case." *United States v. Amedeo*, 487 F.3d 823, 829 (11th Cir. 2007) (quotations and alterations omitted).

We review the reasonableness of a sentence under the deferential abuse-of-discretion standard of review. *United States v. Foster*, 878 F.3d 1297, 1304 (11th Cir. 2018). The party who challenges the sentence bears the burden to show that the sentence is unreasonable in the light of the record and the 18 U.S.C. § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). We review *de novo* whether a district court sufficiently explained its reasons for imposing a non-guideline sentence, pursuant to 18 U.S.C. § 3553(c)(2), even if the defendant

3

did not object to the explanation below.  *See United States v. Parks*, 823 F.3d 990, 995 (11th Cir. 2016).

The first question we address to determine whether a sentence is reasonable is whether the district court committed a significant procedural error.  *United States v. Overstreet*, 713 F.3d 627, 636 (11th Cir. 2013).  The district court must state in open court the specific reason for imposing a sentence outside the guideline range.  18 U.S.C. § 3553(c)(2); *Parks*, 823 F.3d at 993.  "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority."  *Rita v. United States*, 551 U.S. 338, 356 (2007).  "The statement of reasons also serves to focus a sentencing court's analysis of the defendant's offense conduct and assists appellate courts' review of whether the guidelines were properly applied."  *United States v. Parrado*, 911 F.2d 1567, 1572 (11th Cir. 1990).  The needed "length and amount of detail describing the district court's reasoning depends on the circumstances."  *United States v. Ghertler*, 605 F.3d 1256, 1262 (11th Cir. 2010).

Second, we must determine whether the sentence is substantively reasonable under the totality of the circumstances.  *Overstreet*, 713 F.3d at 636.  The district court must impose a sentence sufficient, but not greater than necessary, to comply with the factors listed in § 3553(a), including the nature and circumstances of the

4

offense and the history and characteristics of the defendant; the need to promote respect for the law and protect the public from the defendant's future criminal conduct; and the sentencing guideline range.  See 18 U.S.C. § 3553(a).

We have said that a district court abuses its discretion if it, for example, (1) fails to consider relevant factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing the proper factors unreasonably.  *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*).  The district court's unjustified reliance on one § 3553(a) factor may be indicative of an unreasonable sentence. *United States v. Crisp*, 454 F.3d 1285, 1292 (11th Cir. 2006).  The weight given to any specific factor is committed to the sound discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007).  For example, district courts have broad leeway in deciding how much weight to give a defendant's criminal history.  *United States v. Rosales-Bruno*, 789 F.3d 1249, 1261, 1263–64 (11th Cir. 2015).  Moreover, although the district court must consider the § 3553(a) factors, it need not state on the record that it has considered each one of the factors or discuss each of them.  *United States v. Barrington*, 648 F.3d 1178, 1204 (11th Cir. 2011).

In reviewing the substantive reasonableness of a sentence imposed outside the guideline range, we may take the degree of variance into account and consider

5

the extent of a deviation from the guidelines.  See *Gall v. United States*, 552 U.S. 38, 47 (2007).  Although no proportionality principle exists for sentencing, a major variance from the advisory sentencing guideline range requires a more significant justification than a minor one; and the justification must be sufficiently compelling to support the degree of the variance.  *Irey*, 612 F.3d at 1196.  The district court may vary upward based on conduct that was already considered in calculating the guideline range.  *United States v. Williams*, 526 F.3d 1312, 1324 (11th Cir. 2008).  The Guidelines generally permit consideration of juvenile criminal history.  *See United States v. Chanel*, 3 F.3d 372, 373 (11th Cir. 1993) (holding that U.S.S.G. § 4A1.2(d) applies to juvenile adjudications of guilt).  Finally, a sentence imposed well below the statutory maximum penalty is an indicator of a reasonable sentence.  *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

Collins's arguments on appeal are barred by the law-of-the-case doctrine, insofar as we rejected them as meritless in his previous appeal.  *See Anderson*, 772 F.3d at 668-89.

Furthermore, Collins's sentences were reasonable.  The district court sufficiently explained its reasons for the sentences, including expressly adopting the reasoning from his previous resentencing hearing.  In addition, Collins's 240-month total sentence was substantively reasonable because the district court provided a sufficiently compelling justification for the 120-month upward

variance.  The district court considered the nature and circumstances of the bank robbery and hostage taking, Collins's impact on his victims, Collins's criminal history, and the need to promote respect for the law and to protect the public.

**AFFIRMED.**